UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JONATHAN VERN VOSS**,

Debtor.

Case No. **09-62224-13**

## MEMORANDUM of DECISION

At Butte in said District this 24th day of March, 2010.

In this Chapter 13 bankruptcy, after due notice a hearing was held February 22, 2010, in Billings on Debtor's Objection to Proof of Claim No. 4 filed by Dennis Huber. Joanne M. Briese of Billings, Montana appeared at the hearing on behalf of the Debtor, and Kevin J. Chapman of Williston, North Dakota appeared at the hearing on behalf of Dennis Huber. Jonathan Voss ("Voss") and Dennis Huber ("Huber") testified. Exhibits C1 and C2 were admitted into evidence without objection. The parties have filed post-hearing briefs and the matter is ready for decision.

BACKGROUND

On February 24, 2009, Huber filed an "Agricultural Supplier's Lien/Notice ASL-2" against all of Jon Voss' bred cows, bulls and calves. In the Lien/Notice, Huber claims he is owed $56,000 for pasture rent, hay & straw, water, utilities, barn, Quonset & corral rent, building repair & cleaning, corral repair, fence repair and unauthorized use of tractor. The foregoing occurred in Dunn County, North Dakota, in the year "2008-2009." On March 5, 2009, Herreid

1

Created by Neevia Document Converter trial version http://www.neevia.com

Livestock Auction, Inc. drafted check number 25004. Due in part to Huber's Agricultural Supplier's Lien, Herreid's aforementioned check, in the amount of $56,000, was made payable to "DENNIS HUBER & AMERICAN BANK CTR & JON VOSS."

Voss commenced this Chapter 13 bankruptcy case on November 1, 2009. Voss did not list the $56,000 check or the obligation to Huber in his original schedules filed November 28, 2009. Huber timely filed Proof of Claim No. 4 on December 7, 2009, asserting a secured claim of $56,000.00. Voss, through counsel, filed an Objection to Huber's Proof of Claim on January 14, 2010, arguing that the claim "contains many items which are not covered by North Dakota Century Code, Chapter 35-31, and therefore the claim is over-stated and false." For the reason just stated, Voss requests that the Court "disallow the amount of $56,000.00 claimed as arrearages on Proof of Claim No. 4[.]" Voss amended his Schedule B on February 10, 2010, to list a check from "Herreid Livestock payable to American Banking Center, Jon Voss and Berger Cattle Company" in the amount of $1,846.50, a check from "Herreid Livestock payable to Dennis Huber, American Bank and Jon Voss" in the amount of $56,000.00 and a check from "Herreid Livstock [sic] payable to American Banking Center, Jon Voss and Ethan Hail" in the amount of $17,000.00.

At the hearing, Voss testified that he had no objection to Huber's claim of $4,540.00 for pasture rent, $250.00 for travel to Bismarck to purchase tire for feed wagon, $12,000 for building, facilities and corral rent, water and utilities for three months at $4,500 per month, $3,000 for building, facilities and barn rent, and $5,000 of an asserted $18,000 for fall and winter grazing fees from November 16 - February 15, 2009. Voss also agreed with interest charges of $400.00, and $2,000 for one-half month of "facility use and load out." Voss also testified that he

Created by Neevia Document Converter trial version http://www.neevia.com

had no idea whether Huber had to burn and bury dead cows and calves, for which Huber asserts a charge of $3,000. Voss thus testified that he "probably agree[d]" with such charge. In all, Voss agreed with a substantial portion of Huber's claim at the hearing.

DISCUSSION

Rule 3001(f), F.R.B.P., provides that a proof of claim completed and filed in accordance with 11 U.S.C. § 501 and any applicable Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim. Thus, if a procedurally proper claim is filed, the objecting party carries the burden of going forward with evidence contesting the validity or amount of the claim. *In re Weber*, 16 Mont. B.R. 49, 56 (Bankr. D. Mont. 1997); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991). However, once the objecting party succeeds in overcoming the *prima facie* effect given to the claim by Rule 3001(f), the burden shifts to the claimants to prove the validity of their claims by a preponderance of the evidence. *In re Allegheny Int'l, Inc*. 954 F.2d 167, 173-74 (3rd Cir. 1992). This Court discussed in more depth the applicable law governing the burden of proof for allowance of claims in *In re Eiesland*, 19 Mont. B.R. 194, 208-09 (Bankr. D. Mont. 2001):

> A validly filed proof of claim constitutes *prima facie* evidence of the claim's validity and amount. F.R.B.P. 3001(f). The Ninth Circuit recently explained the general procedure for allocating burdens of proof and persuasion in determining whether a filed claim is allowable in *Lundell v. Anchor Const. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000):
>
>> A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "*prima facie* evidence of the validity and amount of the claim" pursuant to Bankruptcy Rule 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Bankruptcy Rule 9014 and must be resolved after notice and opportunity for hearing upon a motion for relief. See Adv. Comm. Notes

3

Created by Neevia Document Converter trial version http://www.neevia.com

to Fed. R. Bankr.P. 9014.

> Upon objection, the proof of claim provides "some evidence as to its validity and amount" and is "strong enough to carry over a mere formal objection without more." *Wright v. Holm (In re Holm )*, 931 F.2d 620, 623 (9th Cir.1991) (quoting 3 L. King, COLLIER ON BANKRUPTCY § 502.02, at 502-22 (15th ed.1991)); *see also Ashford v. Consolidated Pioneer Mort. (In re Consol. Pioneer Mort.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.
>
> * * * *
>
> "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.

*See also Knize*, 210 B.R. at 778; *Matter of Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143 (5th Cir.1987); *In re Stoecker*, 143 B.R. 879, 883 (N.D.Ill.1992), *aff'd in part, vacated in part*, 5 F.3d 1022 (7th Cir.), *reh'g denied* (1993).

Thus, the Bank's Proof of Claim No. 2 is *prima facie* evidence of the validity and amount of its claim under Rule 3001(f), and the Debtor has the burden of showing sufficient evidence and to "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *Lundell*, 223 F.3d at 1039 (quoting *Holm*). This Court finds that Eric, as the objecting party, has not produced sufficient evidence to cause the burden to revert to the Bank to prove the validity and amount of its claim. *Lundell*, 223 F.3d at 1039 (quoting *In re Consol. Pioneer*, 178 B.R. at 226).

The analysis under *Lundell v. Anchor Const. Specialists* was reiterated by the Ninth Circuit in *In re Los Gatos Lodge, Inc.*, 278 F.3d 890, 894 (9th Cir. 2002). The Court approaches Voss' Objection mindful of the above.

4

Created by Neevia Document Converter trial version http://www.neevia.com

For the first time, in a post-hearing brief filed March 15, 2010, Voss' counsel argues that Huber's North Dakota agricultural supplier's lien is not valid because Huber did not furnish Voss with a billing statement for the supplies furnished prior to filing the agricultural supplier's lien. This argument was not raised prior to or at the hearing and the Court heard no testimony to support such argument. Mont. LBR 3007-2 requires that objections to proofs of claim "shall include the legal and factual basis for the objection." Voss' entire legal and factual argument in his written objection is that many items contained in the Agricultural Supplier's Lien/Notice ASL-2 and the Proof of Claim and attachments thereto, "are not covered by North Dakota Century Code, Chapter 35-31[.]" Voss' post-hearing argument on this point is attorney argument that is not supported by the record. Voss' argument in the brief is not evidence. *United States v. Fetlow*, 21 F.3d 243, 248 (8th Cir. 1994), *cert. denied*, 513 U.S. 977, 115 S.Ct. 456, 130 L.Ed.2d 365 (1994) ("[S]tatements of counsel are not evidence" and do not create issues of fact.) Voss' post-hearing challenge to the overall validity of Huber's lien is thus rejected by the Court.

Huber, however, did have notice that Voss is contesting whether various items set forth in the Agricultural Supplier's Lien/Notice ASL-2 are covered by North Dakota law. N.D. Century Code ("N.D.C.C.") § 35-31-01 provides for a lien to any person who furnishes supplies--including feed, hay, pasturage or the furnishing of services in delivering or applying the supplies--used in the production of livestock.[1] N.D.C.C. § 35-31-02 requires that "[t]o obtain an

---

[1] N.D.C.C. § 35-31-01 reads: "Any person who furnishes supplies used in the production of crops, agricultural products, or livestock is entitled to a lien upon the crops, products produced by the use of the supplies, and livestock and their products including milk. As used in this chapter, the term "supplies" includes seed, petroleum products, fertilizer, farm chemicals, insecticide, feed, hay, pasturage, veterinary services, or the furnishing of services in delivering or applying the supplies. Except as otherwise provided in this section, an agricultural supplier's lien filed in accordance with section 35-31-02 is effective from the date the supplies are furnished or

Created by Neevia Document Converter trial version http://www.neevia.com

agricultural supplier's lien . . . the person entitled to the lien, within one hundred twenty days after the supplies are furnished or the services performed, shall file a verified statement in the office of the recorder of any county in this state or in the office of the secretary of state." "When read together, N.D.C.C. §§ 35-31-01 and 35-31-02 require an agricultural supplier's lien to be filed within 120 days after agricultural supplies are furnished and provide the lien is effective from the date the supplies are furnished. *Stockman Bank of Montana v. AGSCO, Inc.*, 2007 ND 26, ¶ 21, 728 N.W.2d 142.

"In the case of *North Dakota Mineral Interests v. Berger*, 509 N.W.2d 251, 255 (N.D.1993), the court pointed out that as statutory lien laws are remedial, they should be construed to effectuate their purposes of protecting those who contribute labor, skill or materials." *In re Bernstein*, 230 B.R. 144 (Bankr. D.N.D. 1999). Huber contends Voss' employee's used 50 bales of hay and 20 bales of straw belonging to Huber to care for Voss' cattle. Voss disagreed arguing he purchased his own hay and straw after December 15, 2008. Hay and straw are certainly the type of items contemplated by N.D.C.C. § 35-31-01 and the Court finds that Voss failed to overcome the prima facie effect afforded Huber's claim by F.R.B.P. 3001(f). The Court allows the additional charges of $3,000.00. Huber also testified that he personally saw Voss' employees use Huber's tractors, during a time when Voss' tractor was in the shop for repair, to move the hay and straw for Voss' cattle. Huber's charge of $500.00 for use of the tractor is an allowable charge under N.D.C.C. § 35-31-01 as the tractor was used to deliver feed to Voss' cattle.

This Court agrees, however, with Voss that various items listed in Huber's itemization

---

the services performed."

Created by Neevia Document Converter trial version http://www.neevia.com

fall outside the scope of "supplies" contemplated by N.D.C.C. § 35-31-01, which includes such items as "feed, hay, pasturage, veterinary services, or the furnishing of services in delivering or applying the supplies[.]" For instance, the repair of Huber's barn, corral and fence is certainly not a supply such as feed, hay or pasturage and it is not a service associated with delivering or applying a supply. Huber inappropriately includes $3,100.00 of repair charges in his Agricultural Supplier's Lien.

Huber also asserts an Agricultural Supplier's Lien of $5,000.00 for Voss' alleged unauthorized use of Huber's tractor, which Huber claims was then wrecked. Such item is not a supply under N.D.C.C. § 35-31-01. However, Huber has also not sustained his burden of proof with respect to such charge. Voss counters this charge stating that Huber's neighbor used and damaged the tractor. Huber testified that he did not see Voss or his employees use or wreck the tractor, but instead surmised that his neighbor would never use the tractor without asking, so it had to be Voss or one of his employees. Voss' testimony is sufficient to defeat the claim by probative force equal to that of the allegations of the proof of claim itself and the burden thus reverted to Huber to prove the validity of such claim by a preponderance of the evidence. Huber failed his burden on this item, particularly after Huber testified that he estimated the costs to repair his tractor at $2,500.00 and included his estimate in his Agricultural Supplier's Lien. The balance of the charge was added by Huber as a penalty for Voss' alleged unauthorized use of the tractor.

Next, $4,000 of Huber's Agricultural Supplier's Lien is attributed to cleaning the "barn, Quonset, & corrals." It is questionable whether such service falls within the ambit of N.D.C.C. § 35-31-01, but the Court need not reach such question because Huber conceded that the majority

7

Created by Neevia Document Converter trial version http://www.neevia.com

of such charge was performed probably in May or June, after Huber filed his Agricultural Supplier's Lien.

Finally, the Court has before it the remaining charges of $12,000.00, $3,000.00 and $3,000.00 for fall and winter grazing fees between November 16, 2008, and February 15, 2009. Voss testified that he owned approximately 600 head of cattle in December of 2008. However, Huber seeks to charge Voss fall and winter grazing fees of $12,000 for 600 head of cattle from November 16 to December 30, 2008, $3,000 for 150 head of cattle from November 16 to December 15, 2008, and $3,000 for 50 head of cattle from November 16 to February 15, 2009. Voss agreed with $5,000 of the asserted charges but disputes the remainder. Given the testimony, the Court concludes that the charge of $3,000.00 for November 16 to December 15, 2008, is duplicative of the charge for 600 head of cattle from November 16 to December 30, 2008. The Court also finds that one-half, or $1,500.00, of the charge from November 16 to February 15, 2009, for 50 head of cattle is duplicative of the charge for 600 head of cattle from November 16 to December 30, 2008. The Court denies $4,500 of Huber's asserted fall and winter grazing fees.

In summary, the Court denies Huber's charges of: (1) $4,000.00 for cleaning the barn, Quonset and corrals; (2) $1,000.00 for barn repair; (3) $1,500 for corral and fence repair; (4) $5,000 for unauthorized use of tractor; (5) $4,500.00 of the fall and winter grazing fees; and (6) $600.00 for door damage on the tan barn. Given the foregoing, the Court concludes that Huber's claim shall be allowed as a secured claim in the amount of $39,400.00. The Court will therefore enter a separate order providing as follows:

IT IS ORDERED Debtor's Objection to Proof of Claim No. 4 filed by Dennis Huber is

Created by Neevia Document Converter trial version http://www.neevia.com

SUSTAINED in part and OVERRULED in part; and Proof of Claim No. 4 filed by Dennis Huber shall be allowed as a secured claim in the amount of $39,400.00, with $4,500.00 of the claim disallowed in its entirety as being duplicative of other charges in the proof of claim, and the remainder of the claim in the amount of $12,100.00 allowed as an unsecured, nonpriority claim.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

Created by Neevia Document Converter trial version http://www.neevia.com